**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| In re:  PHILLIP L. WATSON, | Case No. 24-32542-KRH |
| Debtor. | Chapter 13 |

## ORDER DENYING MOTION TO VACATE DISMISSAL

On July 9, 2024, Phillip L. Watson (the "Debtor"), pro se, filed a voluntary petition (the "Petition") for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy case (this "Bankruptcy Case"). The Debtor did not file his credit counseling certification with the Petition. The Debtor instead certified that he asked for credit counseling services from an approved agency but was unable to obtain those services during the following seven days. However, the Debtor failed to request a 30-day temporary waiver with his Petition. As such, on July 10, 2024, the Clerk's Office issued a *Notice of Possible Dismissal: Individual Debtor's Statement of Compliance with Credit Counseling Requirement; and Hearing Thereon* [ECF No. 7], which required the Debtor to file the certificate of credit counseling on or before July 12, 2024 or to appear at a hearing on August 21, 2024 (the "Hearing") to explain why the Bankruptcy Case should not be dismissed. The Debtor has not filed his certificate of credit counseling.

The Debtor also did not file his lists, schedules, statements, or Chapter 13 plan with his Petition. Accordingly, on July 10, 2024, the Clerk's Office issued a *Notice of Possible Dismissal Pursuant to LBR 1007-1 Lists, Schedules, Statements and LBR 3015-2 Chapter 13 Plan Requirements; and Hearing Thereon* [ECF Nos. 6, 11], which required the Debtor to file such documents or request an extension to file such documents by July 23, 2024, or to appear at the Hearing to explain why the Bankruptcy Case should not be dismissed. The Debtor has not filed any of the foregoing required documents.

On August 21, 2024, the Court conducted the Hearing. The Debtor failed to appear at the Hearing.[1] Accordingly, on August 23, 2024, the Court entered an *Order of Dismissal* [ECF No. 19] (the "Dismissal Order"), which dismissed the Bankruptcy Case and required that the Debtor pay the outstanding filing fee in full in the amount of $313.00 within fourteen (14) days from the date of entry of the Order.[2]

On September 9, 2024, the Debtor, pro se, filed the *Debtor'[s] Ex Parte Application for Order Shortening Time for Motion to Vacate Dismissal Based on Mistake, Inadvertence or Neglect, and to Reinstate Case in Order to Pay any Unpaid Filing Fee Installment* and the *Debtor'[s] Ex Parte Motion for Order Shortening Time for Motion to Vacate Dismissal Based on Mistake, Inadvertence or Neglect, and to Reinstate Case in Order to Pay any Unpaid Filing Fee Installment, Declaration of Debtor Phillip L Watson in Support Thereof* [ECF No. 24] (collectively, the "Motion to Vacate"). By his Motion to Vacate, the Debtor requests to vacate the Dismissal Order on an expedited basis.[3]

Rules 59 and 60 of the Federal Rules of Civil Procedure (the "Civil Rules") are made applicable to bankruptcy cases by Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), respectively. A motion under Civil Rule 59 must be filed "no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023. This Motion was filed

---

[1] On August 14, 2024, the United States Trustee certified [ECF No. 16] that the Debtor failed to appear at the scheduled meeting of creditors required under section 341 of the Bankruptcy Code held on August 8, 2024.

[2] Contemporaneously with his Petition, the Debtor filed an *Application for Individuals to the Pay Filing Fee in Installments* [ECF No. 3], which the Court granted. As of the date hereof, the entire filing fee in the amount of $313.00 remains due and owing.

[3] Given the Court's upcoming calendar, the earliest available hearing date would be September 25, 2024. Unless and until the dismissal was vacated, the Debtor would not obtain the benefit of the automatic stay. In other words, the Debtor would not be protected by the automatic stay until September 25, 2024, at the earliest. Accordingly, the Court disposes of the Motion to Vacate on the pleadings.

seventeen days after the entry of judgment. As such, the Motion to Vacate was not timely filed under Bankruptcy Rule 9023.

Regardless of whether Civil Rule 59 or 60 applies to the Motion, the Debtor has failed to provide adequate cause to vacate the Dismissal Order under either Bankruptcy Rule 9023 or 9024. At this time, the Debtor has failed to cure any of the outstanding deficiencies in this Bankruptcy Case.[4] For these reasons, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **DENIED**.

2. The Clerk shall send copies of this Order to all creditors and parties in interest.

Dated: 9/12/24                                                            /s/ Kevin R. Huennekens
                                                                    UNITED STATES BANKRUPTCY JUDGE

                                                                    Entered on Docket: Sep 12 2024

---

[4] The Court notes that the Debtor may choose to file a new bankruptcy case, wherein he may be able to address and correct some of the issues presented in this Bankruptcy Case.

3